## HOLM v. SHAY.

(Supreme Court, Appellate Division, Second Department. October 7, 1910.)

1. EVIDENCE (§ 174*)—BEST AND SECONDARY EVIDENCE—COPIES OF LETTERS.

   In an action for the price of a well dug for defendant, certain letters relating to the matter, written to defendant by plaintiff's daughter for him and copied into a book, were read to plaintiff, together with the copies, he not being able to read or write, and the copies were admitted in evidence upon being identified by plaintiff. *Held*, that the admission of the copies was technically incorrect.

   [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 566; Dec. Dig. § 174.*]

2. EVIDENCE (§ 271*)—SELF-SERVING DECLARATIONS.

   In an action for the price of a well dug for defendant, under a contract that the price should be paid if the well was serviceable, letters claimed to have been written by plaintiff to defendant, but which defendant denied receiving, which asserted the completion of the well and requested payment, and recited plaintiff's previous unsuccessful attempts to sink wells for defendant, and expressed sorrow for defendant's loss therefrom, were self-serving declarations, and inadmissible.

   [Ed. Note.—For other cases, see Evidence, Dec. Dig. § 271.*]

3. CONTRACTS (§ 327*)—ACTION FOR BREACH—DEMAND—NECESSITY.

   A demand by plaintiff for payment of the agreed price of a well sunk for defendant, for which he was to pay only if a serviceable well was obtained, was not necessary to enable him to sue for the agreed price.

   [Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1569; Dec. Dig. § 327.*]

Appeal from Trial Term, Suffolk County.

Action by John S. Holm against Agnes Shay. From a judgment for plaintiff, and an order denying a motion for new trial, defendant appeals. Reversed, and new trial granted.

Argued before WOODWARD, JENKS, BURR, THOMAS, and CARR, JJ.

Timothy M. Griffing, for appellant.
Rowland Miles, for respondent.

THOMAS, J. Holm and Shay agreed that the former should dig a well for the latter at an agreed price, payable only in case a serviceable well was obtained. The plaintiff affirms, and the defendant denies, performance. The judgment should be reversed for two errors: (1) The admission of letters from plaintiff to defendant, asserting the completion of the work and asking payment; (2) admission of previous unsuccessful attempts to drive wells for the defendant.

The plaintiff cannot read or write. The letters were written by his daughter and copied into a book, and the letter and copy read to him. He identified the copies, and they were received in evidence. This was not technically correct; but in any case the letters were mere self-serving declarations, and not admissible. The plaintiff ostensibly tendered them to show an unnecessary demand. The letters were not answered, and, as defendant testified, not received. A proper understanding of the agreement did not require plaintiff to narrate his

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

earlier exploits in sinking for water without success, his losses thereby, and the expression of sorrow therefor by defendant. It tended to excite an interest on the part of the jury to which he was not entitled, and should be omitted. In view of a new trial, it is not necessary to consider whether the facts sustain the finding of the jury.

The judgment and order should be reversed, and a new trial granted; costs to abide the event. All concur.